## City of Champaign v. William Maguire.

1. CITIES AND VILLAGES—*Sewerage and Sewers.*—Where a city has a system of sewerage or maintains a sewer, it stands charged with notice that the same is offensive.

2. SEWERS—*Use of by Third Parties.*—A city is not liable for a misuse or improper use of its drains or sewers by third parties, unless it has consented thereto or negligently permitted such improper use after knowledge thereof.

3. EVIDENCE—*Matters Conceded to be True.*—The refusal to admit in evidence matters tending to prove facts conceded by the adverse party is not error.

Memorandum.—Action for a nuisance. In the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Declaration in case; plea, not guilty. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

E. L. SWEET, city attorney, and J. L. RAY, attorneys for appellant.

SOLON PHILBRICK, ROY WRIGHT and A. J. MILLER, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The action below was a case to recover damages against

the appellant for, as it was alleged, "so constructing and maintaining a sewer that foul and offensive matter from which noxious odors arose was discharged in close proximity to the home of appellee and his family, whereby the premises of the appellee were rendered unwholesome and unfit for occupancy," etc. The judgment was for the appellee in the sum of $375, from which this appeal. It was abundantly proven that foul and offensive matter, such as is usually discharged from sewers, was deposited near the home of the appellee and that obnoxious and unwholesome odors arose therefrom and permeated the atmosphere to his detriment and damage. The city relied upon two defenses quite distinct in character. We may first consider its contention that the sewerage from which the obnoxious stench arose, of which the appellee complained, did not come from its sewer or drain, but from a sewer maintained in the adjoining city of Urbana. No objection was made to any rulings of the court in this connection. The only complaint is, as to the action of the jury, upon the evidence. We have consulted the evidence presented in the abstract and find that it was conflicting and presented a fair issue of fact for the determination of the jury.

No reason appears why we should assume to interfere with their action upon it. The other defense which the appellant city sought to maintain, was that it had no system of sewerage and that the work of which the plaintiff complained was not a sewer but only a drain constructed for the purpose of conveying surface waters from the streets and alleys of the city. Counsel for the city concede that if a city has a system of sewerage or maintains a sewer that it stands charged with notice that it is offensive, but insist that in this instance it appeared from the evidence that the city had only a drain, and that before it could be made liable it must be shown, not only that sewerage matter was discharged from the drain, but that the city either permitted it to be perverted to the purpose of a sewer, or did not use due diligence to prevent such perverted use of it. It is not necessary that we should express an opinion upon the legal

aspects of the position here assumed by counsel, for the reason that the trial court accepted the view expressed by counsel for the city as the correct rule of law applicable to the case and so directed the jury. The court instructed the jury on that point as follows: "The court instructs the jury that the city of Champaign is not liable for misuse or improper use of its drains or sewers by third parties unless it has consented thereto or negligently permitted such improper use after knowledge thereof, if the evidence shows any such fact." The effect of this instruction was to reduce the contention to a question of fact for the determination of the jury. The jury determined it against the city and a careful examination of the evidence has convinced us that no other conclusion was admissible under the testimony. It is, however, complained that the court refused to admit competent evidence offered by the city in support of this issue in its behalf. The specific ground of alleged error in this respect is that the court refused to admit in evidence the following ordinance of the city, viz.: "Be it ordained by the City Council of Champaign * * * Sec. 18. No privy or cesspool shall be drained into any public sewer under a penalty of not less than fifty dollars for each offense, and a like penalty for each week the same may be continued." The plaintiff below alleged in his declaration that the city by its ordinances prohibited the use of its sewers for the drainage of privies, etc. Had the ordinance been introduced by the city, the effect would only have been to prove a fact conceded by its adversary to be true. Hence the cause of the city was not prejudiced by the ruling of the court. We find no error demanding interference with the verdict of the jury or the judgment of the court therein. The judgment must be and is affirmed.